UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **PNC Bank, National Association,**  Plaintiff,  v.  **Redline Steel, LLC;**  **Colin Wayne Enterprises, Inc.;** and  **Colin Wayne Erwin,**  Defendants. | Case No. _____ |

**COMPLAINT**

COMES NOW **PNC Bank, National Association, successor to BBVA USA f/k/a Compass Bank** ("Lender" or "Plaintiff"), by and through undersigned counsel, and for its complaint (this "Complaint") against **Redline Steel, LLC** ("Borrower"), **Colin Wayne Enterprises, Inc.** ("Enterprises"), and **Colin Wayne Erwin** ("Mr. Erwin" and, jointly, severally, and collectively with Enterprises, the "Guarantors", each a "Guarantor"; Borrower and Guarantors are, jointly, severally, and collectively, the "Defendants", each a "Defendant"), states as follows:

**PARTIES**

1. Lender is a national banking association with its main office and principal place of business in Pittsburgh, Pennsylvania. Thus, Lender is a citizen of the State of Pennsylvania for purposes of diversity jurisdiction.

2. Upon information and belief, Borrower is an Alabama limited liability company with its principal place of business in Madison County, Alabama. Thus, Borrower is a citizen of the State of Alabama for purposes of diversity jurisdiction.

3. Upon information and belief, Enterprises is an Alabama corporation with its principal place of business in Madison County, Alabama. Thus, Enterprises is a citizen of the State of Alabama for purposes of diversity jurisdiction.

4. Upon information and belief, Mr. Erwin is an adult citizen of the State of Alabama. Thus, Mr. Erwin is a citizen of the State of Alabama for purposes of diversity jurisdiction.

### JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because the parties are completely diverse and the amount in controversy exceeds $75,000. Lender is a national banking association with its main office and principal place of business located in Pennsylvania. Mr. Erwin is not a citizen of Pennsylvania; rather, he is a citizen of Alabama. Likewise, Borrower is not a citizen of Pennsylvania, as Borrower's sole member, Mr. Erwin, is a citizen of Alabama. Enterprises also is not a citizen of Pennsylvania; rather, Enterprises is incorporated under the laws of the State of Alabama and, as such, is a citizen of the State of Alabama for purposes of diversity jurisdiction.

6. This Court has supplemental jurisdiction over Lender's state law claims pursuant to 28 U.S.C. § 1367, because those claims are so related to the claims in the action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims at issue occurred. Venue is also proper in this judicial district under 28 U.S.C. § 1391(b) because all Defendants are residents within this judicial district. Upon information and belief, Mr. Erwin resides in this district. Moreover, because Mr. Erwin resides in this judicial district and is

authorized to accept service as a principal of both entities, Borrower and Enterprises are also residents of this judicial district for purposes of 28 U.S.C. § 1391(c)(2).

## FACTUAL ALLEGATIONS

8. On or about April 6, 2018, Lender extended a loan (the "Loan") to Borrower pursuant to the terms and conditions of, among other documents, the following documents (the "Loan Documents" collectively attached as **Exhibit A**):

    a. that certain U.S. Small Business Administration Note dated April 6, 2018 (the "Note") in the original principal amount of $1,142,000 made by Borrower in favor of Lender for repayment of the Loan,

    b. that certain Loan and Security Agreement dated April 6, 2018 (the "Loan Agreement")[1] by and between Borrower and Lender,

    c. that certain Security Agreement dated April 6, 2018 (the "Security Agreement") executed by Borrower in favor of Lender,

    d. that certain Unconditional Guaranty dated April 6, 2018 (the "Corporate Guaranty") executed by Enterprises in favor of Lender, and

    e. that certain Unconditional Guaranty dated April 6, 2018 (the "Personal Guaranty" and, together with the Corporate Guaranty, the "Guaranties", each a "Guaranty") executed by Mr. Erwin in favor of Lender.

9. To induce Lender to make the Loan to Borrower, Borrower granted to Lender a security interest in certain Collateral, consisting of all of Borrower's interests in all equipment, inventory, accounts, and general intangibles. *See* Loan Agreement § 4, Security Agreement § 4.

---

[1] The Loan Agreement provides the definitions of capitalized terms used but not defined herein.

10. Borrower further covenanted not to "sell, transfer, lease, otherwise dispose of… any of the Collateral or any interests therein…, except for the sale of Inventory in the ordinary course of business, without [Lender's] prior written consent." Loan Agreement § 2.4. *See also* Security Agreement § 5.

11. Borrower further covenanted not to "liquidate, or discontinue or materially reduce its normal operations with intention to liquidate,… or sell, lease, transfer or otherwise dispose of all or any substantial part of its assets without the prior written consent of [Lender]." Loan Agreement § 6.4.

12. As additional consideration to induce Lender to make the Loan to Borrower, the Guarantors each "unconditionally guarantee[d] payment to Lender of all amounts owing under the Note" and promised to "preserve the Collateral". Guaranties §§ 1, 7.

13. Defendants each agreed to pay Lender's fees and expenses, including attorneys' fees, incurred to enforce the Loan Documents. *See* Loan Agreement § 11; Guaranties § 9.A.

14. In or around March 2022, Borrower sold substantially all of its assets, including the Collateral, without notifying Lender or obtaining Lender's prior written consent.

15. Defendants had a duty to disclose the contemplated sale of Lender's Collateral outside the ordinary course of business under the Loan Documents but concealed this sale from Lender rather than seeking to obtain Lender's written approval as required under the Loan Documents.

16. Borrower also failed to remit the proceeds of that sale to Lender.

17. As noted in Lender's letters dated January 12, 2023 and April 20, 2023 (the "<u>Demands</u>" collectively attached as **Exhibit B**), Obligors are in default under the Loan Documents as a consequence of Borrower's sale of Lender's Collateral outside of the ordinary course of

business without Lender's consent, and Borrower's failure to remit the proceeds of such sales to Lender.

18.     Also as noted in the Demands, Lender has elected to accelerate the unpaid balance of the Loan Documents.

19.     In addition to failing to preserve the Collateral, Defendants are in default under the Loan Documents for failing to make payments.

20.     As of the date of this Complaint, the unpaid balance of the Loan Documents is **$630,358.53** (the "Indebtedness"), excluding costs of collection, and is immediately due and payable.

21.     Interest and other charges, including attorneys' fees (such interest and other fees and charges, together with the Indebtedness, the "Obligations"), continue to accrue on the Indebtedness under the Loan Documents, all of which Defendants agreed to pay.

22.     Despite the Demands, Defendants have failed to pay the Obligations owed to Lender.

### COUNT I – BREACH OF CONTRACT
### (Against Borrower)

23.     Plaintiff incorporates by reference the averments contained in the preceding paragraphs of this Complaint as if set out in full herein.

24.     Pursuant to the terms of the Loan Documents, Borrower is liable to Lender for payment of the Obligations owed to Lender, and in no way is such liability conditioned upon, or limited by, *inter alia*, (i) any attempt to collect from any other Defendant, (ii) the exercise of any other rights, powers or remedies Plaintiff may have against Borrower or any other Defendant, or (iii) the resort to any collateral.

25. Borrower is in default under the Loan Documents for, among other things, failing to protect and preserve Lender's collateral and disposing of the same outside the ordinary course of business without first obtaining Lender's written consent.

26. Borrower is also in default under the Loan Documents for, among other things, failing to make payments when the same have become due and payable under the Note.

27. After the occurrence of these defaults and despite demand, Borrower has failed to make payment on account of the Obligations.

28. As a result of the Borrower's breach, Plaintiff has suffered damages in the amount of the unpaid Indebtedness.

29. In addition, under the terms of the Loan Documents Plaintiff is entitled to recover from the Borrower its reasonable attorneys' fees, costs, expenses, and all other Obligations incurred as a result of enforcing the Loan Documents in an amount to be proven at trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court enter judgment against Borrower, jointly and severally with all other Defendants, for the total amount of the Obligations, plus interest, costs, attorneys' fees, and such other and further relief, at law or equity, to which Plaintiff may be entitled.

### COUNT II – BREACH OF CONTRACT
### (Against Enterprises)

30. Plaintiff incorporates by reference the averments contained in the preceding paragraphs of this Complaint as if set out in full herein.

31. Pursuant to the terms of the Corporate Guaranty, Enterprises is liable to Lender for payment of the Obligations owed to Lender, and in no way is such liability conditioned upon, or limited by, *inter alia*, (i) any attempt to collect from Borrower or any other Defendant, (ii) the exercise of any other rights, powers or remedies Plaintiff may have against Borrower or any other

Defendant, (iii) the resort to any collateral, or (iv) whether the Loan Documents are enforceable against Borrower.

32. As of the date of this Complaint and despite demand, Enterprises has failed to make payment on account of the Obligations.

33. Enterprises' failure to pay the Obligations constitutes a breach of its Corporate Guaranty.

34. As a result of Enterprises' breach, Plaintiff has suffered damages in the amount of the unpaid Indebtedness.

35. In addition, under the terms of the Loan Documents Plaintiff is entitled to recover from Enterprises its reasonable attorneys' fees, costs, expenses, and all other Obligations incurred as a result of enforcing the Loan Documents in an amount to be proven at trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court enter judgment against Enterprises, jointly and severally with all other Defendants, for the total amount of the Obligations, plus interest, costs, attorneys' fees, and such other and further relief, at law or equity, to which Plaintiff may be entitled.

### COUNT III – BREACH OF CONTRACT
### (Against Mr. Erwin)

36. Plaintiff incorporates by reference the averments contained in the preceding paragraphs of this Complaint as if set out in full herein.

37. Pursuant to the terms of the Personal Guaranty, Mr. Erwin is liable to Lender for payment of the Obligations owed to Lender, and in no way is such liability conditioned upon, or limited by, *inter alia*, (i) any attempt to collect from Borrower or any other Defendant, (ii) the exercise of any other rights, powers or remedies Plaintiff may have against Borrower or any other

7

Defendant, (iii) the resort to any collateral, or (iv) whether the Loan Documents are enforceable against Borrower.

38. As of the date of this Complaint and despite demand, Mr. Erwin has failed to make payment on account of the Obligations.

39. Mr. Erwin's failure to pay the Obligations constitutes a breach of his Personal Guaranty.

40. As a result of Mr. Erwin's breach, Plaintiff has suffered damages in the amount of the unpaid Indebtedness.

41. In addition, under the terms of the Loan Documents Plaintiff is entitled to recover from Mr. Erwin its reasonable attorneys' fees, costs, expenses, and all other Obligations incurred as a result of enforcing the Loan Documents in an amount to be proven at trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court enter judgment against Mr. Erwin, jointly and severally with all other Defendants, for the total amount of the Obligations, plus interest, costs, attorneys' fees, and such other and further relief, at law or equity, to which Plaintiff may be entitled.

### COUNT IV – FRAUDULENT SUPPRESSION
**(Against all Defendants)**

42. Plaintiff incorporates by reference the averments contained in the preceding paragraphs of this Complaint as if set out in full herein.

43. Defendants had a duty to disclose the contemplated sale of Lender's Collateral to Lender and obtain Lender's written consent before selling said Collateral outside the ordinary course of business.

44. Despite their duty to disclose this information to Lender, Defendants concealed the contemplated sale of Lender's Collateral from Lender.

45. Had Defendants advised Lender of the contemplated sale of Lender's Collateral outside the ordinary course of business, Lender would have demanded payment from the proceeds of its Collateral and would have notified all other secured creditors of Defendants of its intention to enforce its senior perfected security interests in its Collateral.

46. However, because Defendants did not notify Lender of the contemplated sale of Lender's Collateral, the sale proceeded without Lender's knowledge and Lender has suffered damages in the amount of the proceeds of its Collateral that were not applied toward Defendants Obligations under the Loan Documents.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court enter judgment against all Defendants, jointly and severally, for the total amount of the Obligations, plus interest, costs, attorneys' fees, punitive damages, and such other and further relief, at law or equity, to which Plaintiff may be entitled.

Respectfully submitted this 29th day of June 2023.

/s/ *Christian A. Pereyda*
Ryan D. Thompson (ASB-0847-A48T)
Christian A. Pereyda (ASB-1826-F85O)
**MAYNARD NEXSEN PC**
1901 Sixth Avenue North
Suite 1700
Birmingham, Alabama 35203
T: (205) 254-1000
F: (205) 254-1999
E: rthompson@maynardnexsen.com
  cpereyda@maynardnexsen.com

*Attorneys for Plaintiff*

9